**Lena SMITH, Natural Parent of D.S., A.F. and A.R., Minor Children, Appellant–Respondent,**

v.

**DELAWARE COUNTY DIVISION OF FAMILY AND CHILDREN SERVICES, Appellee–Petitioner.**

No. 18A04–9912–JV–528.

Court of Appeals of Indiana.

June 19, 2000.

Alan K. Wilson, Public Defender, Muncie, Indiana, Attorney for Appellant.

Jon L. Orlosky, Muncie, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

Lena Smith appeals the termination of her parental rights to her minor children D.S., A.F., and A.R. She raises one issue, which we restate as whether the emergency placement order removing her children from her and placing them in a foster home qualifies as a dispositional decree under Ind.Code § 31–35–2–4.[1]

We affirm.

### FACTS AND PROCEDURAL HISTORY

On December 9, 1997, D.S., A.F., and A.R. were found to be children in need of services. Identical dispositional and parental participation orders were entered allowing each child to stay in Smith's home but requiring Smith to participate in certain activities, including, among other things, case manager supervision, Parent Nurturing Program, Family Preservation Program, individual counseling, and Women's Support Group.

In late June or early July 1998, Smith and the three children were staying at the Women's Shelter in Marion, Indiana. On July 6, 1998, Verified Petitions for Emergency Change of Placement were filed as to all three children. These petitions alleged that Smith was unable to control and supervise her children and that she was verbally abusive to D.S. and A.R. to the extent that the director of the Women's Shelter feared for the children's safety.

The trial court granted these petitions on July 15, 1998. Petitions to terminate

---

1. This code section provides, in relevant part, that

A petition to terminate the parent-child relationship involving a ... child in need of services ... must:

 ...
 (2) allege that:
 (A) one (1) of the following exists:

(i) the child has been removed from the parent for at least six (6) months under a dispositional decree;
(ii) a court has entered a finding under IC 31–34–21–5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made....

Smith's parental rights as to all three children were filed on January 26, 1999 and granted on November 18, 1999.

## DISCUSSION AND DECISION

 When reviewing a termination of parental rights, we will not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence that supports the judgment and the reasonable inferences to be drawn from the evidence. Where the trial court has heard evidence and has had an opportunity to judge the credibility of witnesses, we will not set the judgment aside unless it is clearly erroneous. *Egly v. Blackford County Dep't of Pub. Welfare,* 592 N.E.2d 1232, 1234–35 (Ind.1992).

 Smith asserts that the Delaware County Division of Family and Children Services (Delaware County) has failed to prove that her children were removed from "the parent for at least six (6) months under a dispositional decree." Ind.Code § 31–35–2–4(b)(2)(A)(i). She argues that the Emergency Change of Placement Orders are not "dispositional decrees" as required by Ind.Code §§ 31–34–19–6 and 31–34–19–7.

Ind.Code § 31–34–19–6 provides:

If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:

(1) is:

(A) in the least restrictive (most family like) and most appropriate setting available; and

(B) close to the parents' home, consistent with the best interest and special needs of the child;

(2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Ind.Code § 31–34–19–7 provides:

In addition to the factors under section 6 of this chapter, if the court enters a dispositional decree regarding a child in need of services that includes an out-of-home placement, the court shall consider whether the child should be placed with the child's suitable and willing blood or adoptive relative caretaker, including a grandparent, an aunt, an uncle, or an adult sibling, before considering other out-of-home placements for the child.

The Orders on Verified Petitions for Emergency Change of Placement authorized Delaware County to "change immediately the placement of [the children] from the care of the natural mother to a licensed foster home, the Youth Opportunity Center or an appropriate placement with a relative." (R. at 250.) The Order provided that Smith could request a hearing on the change of placement within ten days from her receipt of notice of the Orders; otherwise "the temporary order entered herein shall become permanent." (*Id.* at 251.)

Sometime after the entry of that Order, the trial court heard evidence on Smith's objection to the change of placement and her subsequent request for change of her caseworker.[2] On October 2, 1998, the trial court entered an Order on Evidentiary Hearing, which found:

2. That it is in the best interests of said [children] to be placed at a licensed foster home as such placement provides a needed structured environment and the most family-like setting for same child.

3. That [Smith] requests that the Petition to Object to the Change of Placement be withdrawn.

(R. at 260.)

Essentially, Smith argues that because the original dispositional decree that iden-

---

2. The date of this hearing is not reflected in the record, nor is a transcript of the hearing included. Neither are the objection to change of placement and the request for change of caseworker included in the record.

tified the children as in need of services was never amended after the emergency removal of the children, the children were not separated from her for six months pursuant to a dispositional decree. We disagree with Smith's interpretation of the record.

We note initially that Smith's failure to include copies of the objection to the change of placement and a transcript of all relevant hearings has hampered our ability to fully address the issues she raises. However, other evidence in the record indicates the emergency change of custody was in fact a modification of the original dispositional order. The juvenile court's Order on Evidentiary Hearing contains the following:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that it is necessary and in the best interest of the above-named child that the *Modification of the Dispositional Order* shall remain in effect.

*Id.* (emphasis supplied). Smith's withdrawal of her objection to the change in custody underscores the propriety of the juvenile court's action.

Smith was afforded numerous programs and counseling in an effort to reunite her with her children, but her counselors and case managers testified that the parenting programs and counseling were unsuccessful and that it was in the best interests of all three children that Smith's parental rights be terminated. We find that the emergency placement order was a modification of the existing dispositional decree; the children thus had been removed from Smith's care for the six months required by Ind.Code § 31–35–2–4.

Affirmed.

DARDEN, J., and BROOK, J., concur.